UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA WEAVER, | 2:14-cv-0818 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| PFIZER, INC., et al., | |
| Defendants. | |

        Defendant Pfizer's motion to stay the proceeding and plaintiff Weaver's motion to remand both are currently pending before the court. Defendant McKesson Corporation has joined in the motion to remand. The court ordered the motions submitted on the pleadings and after considering the parties' arguments, the court GRANTS the motion to stay and DENIES the motion to remand without prejudice.

I. BACKGROUND

        On March 27, 2014, plaintiff filed a complaint in Solano County Superior Court alleging generally that she developed Type II diabetes as a result of taking Lipitor, a drug manufactured by Pfizer and distributed by McKesson, and that defendants failed to advise consumers of the risk that taking Lipitor could cause Type II diabetes. She pleads eight causes of action: (1) strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment; (7) unfair competition, CAL. BUS. & PROF. CODE

1

§ 17200, et seq.; and (8) false advertising, CAL. BUS. & PROF. CODE § 17500.  ECF No. 1-2 at 5-21.

Defendant Pfizer removed the case to this court on April 1, 2014.  ECF No. 1.  Defendant alleged McKesson's consent for removal was not required because the action is a mass action, 28 U.S.C. § 1453(b), and because McKesson is fraudulently joined.  *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined . . . must join in or consent to the removal of the action."); ECF No. 1 at 22-23.

On April 3, 2014, Pfizer filed a motion to stay the proceedings pending a decision whether this action should be transferred to the multidistrict litigation (MDL) court hearing similar cases against Pfizer, as well as a decision in the Ninth Circuit's *en banc* cases of *Romo v. Teva Pharmaceuticals USA, Inc.*, No. 13-5631, and *Corber v. Xanodyne Pharmaceuticals, Inc.*, No. 13-56306 concerning the removal of multiple California cases as a single mass action, which may provide guidance on the question of remand.  ECF No. 6.

Weaver filed her motion to remand on April 8, 2014.  ECF No. 9.

II.  THE MOTION TO STAY

Pfizer argues that staying the case pending the decision whether it will be transferred to the MDL court promotes judicial economy and will not prejudice plaintiff.  ECF No. 6 at 6-7.  Plaintiff argues the motion to remand must be considered first because it raises jurisdictional issues, which are threshold matters in any suit.  ECF No. 13 at 3-6.  In reply Pfizer says that cases in the Ninth Circuit considering the same issues in other Lipitor litigation have rejected plaintiff's position that the transferor court must resolve jurisdictional issues while the question of transfer is pending.  ECF No. 15 at 2 (*citing, e.g., Davis v. Pfizer*, No. C 14-1204 SI, 2014 WL 1599005 (N.D. Cal. Apr. 21, 2014); *Little v. Pfizer Inc.*, 2014 WL 1599005 (N.D. Cal. Apr. 18, 2014); *Fernandez v. Pfizer*, No. CV 14-01806-CJC (JPRx), 2014 WL 1689272 (C.D. Cal. Apr. 16, 2014) (declining to lift a previously-issued stay)).

The Judicial Panel on Multidistrict Litigation (JPML) is authorized to transfer "civil actions involving one or more common questions of fact," which "are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). On February 18, 2014, the JPML created a multi-district litigation proceeding in *In re: Lipitor (Atorvastatin Calcium) Marketing, Salespractices and Products Liability Litigation (No. II)*, MDL No. 2502 and assigned it to the Honorable Richard M. Gergel, Southern District of South Carolina, for coordinated or consolidated pretrial proceedings. MDL 2502, Docket No. 103. The cases initially consolidated allege generally that the plaintiffs developed Type II diabetes as a result of taking Lipitor and contend that Pfizer failed to warn them adequately of the risk of developing Type II diabetes from taking Lipitor. *Id*. at 1. On March 27, 2014, Pfizer identified this action as a potential tag-along for potential transfer to the MDL court. MDL 2502, Docket No. 270-1.

Because the pendency of the MDL notice does not prevent the court from acting on pretrial matters, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. 1997), "a court may stay proceedings . . . or may consider a motion to remand." *Jennings v. Fresenius USA, Inc.*, Case. No. 13–cv–03795–WHO, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013). In addition, the pendency of the jurisdictional issues raised by the motion to remand does "not deprive the MDL panel of the ability to transfer the case." *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004); *see also In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings.").

Neither party disputes that district courts have the inherent power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

3

(Cardozo, J.). In ruling on motions to stay, district courts must "exercise [their] judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255–56. Courts consider the following factors when deciding whether to grant a motion to stay proceedings pending the MDL Panel's decision: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party; and (3) the judicial resources that would be saved by avoiding duplicative litigation . . . ." *Rivers*, 980 F. Supp. at 1360.

As noted, plaintiff contends that before the court can even consider the propriety of a stay, it must determine whether it has subject matter jurisdiction based on the removal because jurisdiction is a threshold matter. ECF No. 13 at 3. It is true that "a federal court may not rule on the merits of a case without first determining that it has jurisdiction . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Nevertheless, a court may address threshold questions before considering its jurisdiction. *Id.* at 431 (holding that a court could consider *forum non conveniens* before deciding jurisdictional questions because that involves a "determination that the merits should be adjudicated elsewhere"). As a stay is not a decision on the merits, there is no bar to considering the question before considering the jurisdictional questions presented by the motion to remand.

Questions of jurisdiction aside, the Ninth Circuit has not prescribed the order in which this court should address the questions. The parties each cite a number of district court cases supporting their positions, a clear demonstration of the lack of consensus on the issue. District courts in the Ninth Circuit and even courts in this district have reached opposite conclusions. *Compare Alanis v. Pfizer*, No. 1:14–cv–00365 LJO MJS, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014) (addressing the motion for a stay even though a motion for remand was pending and discussing the question of the proper order) *with K.E.R. v. Pfizer, Inc.*, No. CIV-S-13-1401 LKK/AC, 2013 WL 5755076, at *2 (E.D. Cal. Oct. 23, 2013) (remanding a case even though a motion to stay was pending without addressing the question of the proper order); *see also Hatherley v. Pfizer, Inc.*, No. CIV 1:13-00719-WBS-CKD, 2013 WL 3354458, at *9 (E.D. Cal. Jul. 3, 2013) (remanding case despite the pendency of a motion to stay without addressing the question of the proper order); *Rubio v. Arndal*, No. 1:13-cv-0027 LJO BAM, 2013 WL

1  796669, at *4-5 (E.D. Cal. Mar. 4, 2013) (granting a stay despite the pendency of a motion to
2  remand after rejecting the idea that the jurisdictional issues presented by the remand must be
3  decided first).  Some courts have observed that "[w]here a motion to remand and a motion to stay
4  are pending, courts have held that 'deference to the MDL court for resolution of a motion to
5  remand often provides the opportunity for the uniformity, consistency, and predictability in
6  litigation that underlies the MDL system.'" *Alanis*, 2014 WL 1711702, at *2 (quoting *Rifenberry*
7  *v. Organon USA, Inc.*, No. 13-cv-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014)).
8  Finding the latter consideration persuasive, this court turns to the merits of the motion to stay the
9  proceedings.

10            1.  Judicial Efficiency

11            Plaintiff alleges that she developed Type II diabetes as the result of her use of
12  Lipitor, yet defendants did not adequately warn her of the danger of this outcome; the cases
13  before the MDL court raise similar issues.  Given the identity of the issues, granting the stay
14  pending the MDL court's transfer decision would relieve this court of any duty to address pretrial
15  issues that might well ultimately be heard by another judge.  Staying the action would thus
16  promote judicial efficiency.  *Jennings*, 2013 WL 5487224, at *2 ("If other cases pending before
17  the JPML raise similar issues, it weighs strongly in favor of staying the proceedings.") (internal
18  citation and quotation marks omitted); *Couture v. Hoffman-La Roche, Inc.*, No. C–12–2657 PJH,
19  2012 WL 3042994, at *2 (N.D. Cal. Jul. 25, 2012)

20            In addition, some of the California plaintiffs whose cases have already been
21  transferred to the MDL are arguing their cases were improperly removed under CAFA and
22  because defendant McKesson was not fraudulently joined.  MDL No. 2502, Docket No. 286-1.
23  Plaintiff's motion to remand raises the same challenges.  *See* ECF No. 9.  The fact that "the MDL
24  Court will be called upon to adjudicate the same jurisdictional questions posed in this case" also
25  supports the issuance of the stay to "promote[] judicial efficiency, avoid[] duplicative litigation,
26  and avoid[] the risk of inconsistent results."  *Alanis*, 2014 WL 1711702, at *2.
27  /////
28  /////

2. Potential Prejudice to the Non-Moving Party

Plaintiff claims that staying this matter so the MDL court can hear the remand motion after transfer will cause her extreme prejudice because of the delay in any resolution of her motion to remand and the distance she will have to travel for proceedings on the motion. ECF No. 13 at 7. Citing to no evidence or case law, plaintiff's counsel asserts that he has observed more than one year delays between filing a lawsuit and a hearing on motions to remand in other MDLs; he then opines that a similar delay is likely in the Lipitor MDL, particularly because remand was not addressed in the latest case management order. *Id*. at 7-8.

If the case is transferred, resolution of plaintiff's motion to remand will undoubtedly be delayed, but "such delay does not constitute prejudice sufficient to outweigh the efficiency gains of staying this action." *Little v. Pfizer*, No. C-14-1177 EMC, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014). If the case is not transferred, plaintiff may then renew with a simple notice its motion to remand and the court will resolve it as expeditiously as possible.

Plaintiff does complain that requiring her to travel to South Carolina to argue her motion to remand is "substantially inconvenient." ECF No. 13 at 8. She cites nothing suggesting this inconvenience constitutes the kind of prejudice that would outweigh the benefits of staying this case until the MDL court has acted.

3. Hardship to the Moving Party

The potential burden on Pfizer of having to defend itself in multiple fora favors entry of a stay pending the decision of the MDL court. *Falk v. Gen'l Motors Corp*., No. C 07-01731 WHA, 2007 WL 3101649, at *3 (N.D. Cal. Oct. 22, 2007). Moreover, defendant may have to relitigate any decisions this court reaches if the case is transferred to the MDL court. *Gibson v. Bristol-Myers Squibb Co*., No. C 13–01416 SBA, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013). This too favors a stay.

Because the court finds it proper to stay the case pending a decision on transfer to the MDL court, it does not address whether a stay would also be proper pending the Ninth Circuit's en banc decision in *Romo v. Teva Pharmaceuticals USA, Inc*., No. 13-5631, and *Corber v. Xanodyne Pharmaceuticals, Inc*., No. 13-56306.

6

IT IS THEREFORE ORDERED that:

1. Defendant Pfizer's motion to stay, ECF No. 6, is granted;

2. Plaintiff's motion to remand, ECF No. 9, is denied as moot, without prejudice; and

3. All dates and hearings currently set in this case are VACATED until after the MDL Panel's ruling is issued. The parties are directed to notify the court of the MDL Panel's decision within 7 days of the Panel's ruling.

DATED: May 15, 2014.

_____
UNITED STATES DISTRICT JUDGE